# United States Bankruptcy Court
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| In re: | : | |
| VALERIE A. CUMMINGS | : | Case No. 07-13758-SSM |
| | | (Chapter 11) |
| Debtor | : | |

VALERIE A. CUMMINGS                              :
3309 Parkside Terrace
Fairfax, VA 22031                                :

        Plaintiff                              :

        -v-                                    :

ATLIS SYSTEMS, INC.                              :
912 Thayer Ave, Suite 300
Silver Spring, Maryland 20910                    :
    Serve: Keith A. Cunningham, President
    912 Thayer Ave, Suite 300                   :
    Silver Spring, Maryland 20910
                                                 :
    and
                                                 :
ALLEGIANCE STAFFING, INC.
912 Thayer Ave, Suite 300                        :
Silver Spring, Maryland 20910                        Adversary No. _____
    Serve: Keith A. Cunningham, President   :
    912 Thayer Ave, Suite 300
    Silver Spring, Maryland 20910               :

    and                                          :

UNIQUE NURSES, INC.                              :
7345 McWhorter Place, Suite 100
Annandale, VA 22003
    Serve: Keith A. Cunningham, President   :
    912 Thayer Ave, Suite 300
    Silver Spring, Maryland 20910               :

    and                                          :

KEITH A. CUNNINGHAM                              :
912 Thayer Ave, Suite 300
Silver Spring, Maryland 20910                    :

        Defendants                             :

## COMPLAINT

COMES NOW the Plaintiff, VALERIE A. CUMMINGS (hereinafter referred to as "Plaintiff"), by Counsel, and files this Complaint against the Defendants, ALLEGIANCE STAFFING, INC. (hereinafter referred to as "Allegiance"), UNIQUE NURSES, INC. (hereinafter referred to as "Unique"), ATLIS SYSTEMS, INC. (hereinafter referred to as "Atlis"), and KEITH A. CUNNINGHAM (hereinafter referred to as "Cunningham") and seeks judgment on the grounds and in the amounts and forms set forth below, and in support thereof states as follows:

### Parties, Jurisdiction and Venue

1. The Plaintiff is a resident of and domiciled in the Commonwealth of Virginia.

2. Allegiance is a corporation organized and existing under the laws of the laws of the State of Delaware, and maintains its principal place of business in the State of Maryland, specifically 912 Thayer Ave, Suite 300, Silver Spring, Maryland 20910.

3. Atlis is a is a corporation organized and existing under the laws of the laws of the State of Delaware, and maintains its principal place of business in the State of Maryland, specifically 912 Thayer Ave, Suite 300, Silver Spring, Maryland 20910.

4. Unique is a is a corporation organized and existing under the laws of the laws of the State of Maryland, and maintains its principal place of business in the Commonwealth of Virginia, specifically 7345 McWhorter Place, Suite 100, Annandale, Virginia 22030.

5. Cunningham is a resident of and domiciled in the State of Maryland.

6. On December 1, 2007, the Plaintiff filed her voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Petition") with this Court, and since that time has remained in possession of her assets and control of the conduct of her business affairs. No Trustee or Examiner has been appointed in that case.

7. Jurisdiction is proper in this Court pursuant to 11 U.S.C. §1334, and the order entered by the United States District Court for the Eastern District of Virginia on August 15, 1984, pursuant to 11 U.S.C. §157(a), referring all matters arising from or related to case under title 11 of the United States Code (the "Bankruptcy Code").

8. That venue is proper in this District and division pursuant to 11 U.S.C. 1409(a).

**General Allegations of Fact Relating to All Counts**

9. Prior to October 29, 2003 the Plaintiff was the sole owner of Unique Nurses, Inc., and functioned as the sole officer and director of such company.

10. The capital stock of Allegiance is now, and at all times relevant to this litigation was, entirely owned by Atlis, and Atlis controls all aspects of the business of Allegiance.

11. On October 29, 2003 the parties to this action entered into a series of related contracts (collectively referred to as the "Agreement") and individually described as follows:

    a. <u>Stock Purchase Agreement</u> (hereafter referred to as the "Purchase Agreement"), which provide that Allegiance would purchase all right title and interest the Plaintiff had in Unique. Such Purchase Agreement provided, *inter alia*, that Allegiance would assume all debts of Unique. Such agreement further contemplated that Atlis would purchase a certain debt that Unique owed to Access National Bank, such obligation being cross collateralized on the residence of the Plaintiff.

    b. <u>Assignment of LLC Interest</u> (hereafter referred to as the "Assignment") whereby the Plaintiff would assign her 50% interest in a Virginia Limited Liability Company known as "Ravac LLC", to Cunningham. Ravac, LLC is and was at all times relevant to this litigation the owner of a business condominium unit commonly referred to as 7345 McWhorter Place, Suite 100, Annandale, Virginia 22030.

    c. <u>Employment Agreement</u> (hereafter referred to as the "Employment Agreement") whereby the Plaintiff would be employed by Unique and Allegiance and that the Plaintiff

3

would be entitled to stock incentive grant (which was the subject of a separate writing, as stated in paragraph 7 below).

d. <u>Stock Incentive Grant</u> (hereinafter referred to as the "Stock Grant") whereby the Plaintiff was to receive a 20% interest in the capital stock of an entity created by the merger of Unique and Allegiance, or in the event that such merger did not take occur, a 20% interest in each of those entities.

12. That Cunningham by virtue of his actual or legal control of Atlis controls all of the business affairs and business decisions of Atlis, Allegiance and Unique.

13. That since the date of the Agreement, Cunningham has conducted the business of the various business entities to maximize the profits of Atlis at the expense of Allegiance and Unique, including, but not limited to, the payment of Atlis expenses from assets of Allegiance and/or Unique, the use of staff paid by Allegiance and/or Unique for the benefit of Atlis without compensation to Allegiance and/or Atlis, and the allocation of shared expenses between the various business entities as to create an inordinate burden of expenses on Allegiance and Unique to benefit of Atlis.

14. That the businesses of Atlis, Allegiance and Unique have been conducted in a manner as to make them *alter egos* of the other or Cunningham, including, but no limited to, the actions alleged in paragraph 13, the taking of assets conveyed by the Agreement into the name of Cunningham, without adequate consideration being paid by Cunningham, as well as other actions which would confuse the identities of the various business entities and Cunningham.

## **Count I – Breach of Contract – Stock Grant**

15. The Plaintiff restates and incorporates the allegations of paragraphs 1 through 14, inclusive above, as though fully rewritten herein.

16. The merger of Allegiance and Unique never occurred, and as a result of that failure, the Stock Grant entitled the Plaintiff to the grant of a 20% interest in each of those entities.

4

17. That in breach of both the Stock Grant and the Employment Agreement, the Defendants failed to provide the grant of stock as required by the agreement of the parties.

18. That at the time the grant of stock (the "Grant Date") was required by the agreements of the parties, the value of such stock interest was Two Hundred Thousand Dollars ($200,000.00).

19. That despite repeated demands for the issuance of such stock the Unique, Allegiance and Cunningham have refused to issue such certificates and interests as required by the agreement of the parties.

## Count II – Breach of Contract - Assumption of Liabilities

20. The Plaintiff restates and incorporates the allegations of paragraphs 1 through 14, inclusive above, as though fully rewritten herein.

21. The Plaintiff, prior to the agreement of the parties, had 1) personally guaranteed certain obligations of Unique or 2) personally incurred obligations on behalf of Unique that were reflected on the books of Unique at the time of the Agreement as liabilities of Unique to the various creditors, or as liabilities of Unique to the Plaintiff.

22. That the liabilities alleged in paragraph 21 above included, but were not limited to, credit card liabilities in excess of $55,000.00, other debts in the amount of $45,000.00 as well as the obligation to Access National Bank (which was subsequently purchased by Atlis).

23. That despite repeated demands by the Plaintiff, and in breach of the Agreement, the Defendants have failed to timely repay such liabilities.

24. That as a result of such breach of the Agreement by the Defendants, the Plaintiff has been required to repay a portion of such debts, and was unable to obtain a refinancing of the debt on her principal dwelling, and the Plaintiff has therefore been damaged in the sum and amount of $200,000.00.

### **Count III – Declaratory Judgment – Employment Agreement**

25. The Plaintiff restates and incorporates the allegations of paragraphs 1 through 14, and paragraphs 16 through 19, inclusive above, as though fully rewritten herein.

26. The Employment Agreement provides, in part, that the Plaintiff, in the event that she terminates her employment with the Defendants will 1) have to repay all amounts paid as a result of her employment to the Defendants; and 2) cannot compete with the Defendants after the termination of her employment.

27. That the Plaintiff desires to terminate her employment with the Defendants, but is hesitant to terminate such relationship and incur the liabilities alleged in paragraph 26 above.

28. That the failure to issue and grant such stock interest to the Plaintiff was and is a material breach of the agreement of the parties.

29. That the Plaintiff has committed no breach of the Agreement, and particularly, the Plaintiff committed no breach of the Agreement prior to the breach of the agreement, as alleged above, by the Defendants.

30. That as a result of the breach of the Agreement, as alleged above, the Defendants have no right at law, or in fact, to enforce the terms of the Employment Agreement against the Plaintiff.

31. That the terms of the Employment Agreement requiring the Plaintiff to repay all sums paid to the Plaintiff, even in the form of salary and benefits, and terms which would allow Atlis to enforce terms of a personal guaranty in the event that the Plaintiff terminates her employment render such agreement void as being against public policy.

### **Count IV – Breach of Fiduciary Duty**

32. The Plaintiff restates and incorporates the allegations of paragraphs 1 through 14, inclusive above, as though fully rewritten herein.

33. Cunningham in his role as an officer and director of Allegiance and Unique owed to the shareholders and other holders of beneficial interests in Allegiance and Unique a fiduciary duty in the conduct of the business of those entities.

34. That in breach of that fiduciary duty, Cunningham committed the wrongs alleged in paragraph 13 above.

35. That the Plaintiff, under the Employment Agreement, was the holder of a beneficial interest in Unique and Allegiance.

36. That as a direct and proximate result of the actions of Cunningham, as alleged above, the Plaintiff has been damaged in sum and amount of Two Hundred Thousand Dollars ($200,000.00).

WHEREFORE the Plaintiff prays that this Court make and enter such orders as necessary and proper to award to the Plaintiff the following relief:

1. Judgment in the amount of $200,000.00 based upon Count I above;

2. Judgment in the amount of $100,000.00 based upon Count II above;

3. Judgment declaring that the restrictions against competition and requiring repayments of sums paid to the Plaintiff under the Employment agreement void or otherwise unenforceable, pursuant to Count III; and

4. Judgment in the amount of Two Hundred Thousand Dollars ($200,000.00) based upon Count IV.

VALERIE A. CUMMINGS
by Counsel

_____
Timothy J. McGary, #21208
Counsel for Debtor
10500 Sager Avenue, Suite G
Fairfax, Virginia 22030-2414
(703) 352-4985
E-mail: tjm@mcgary.com

7