UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VALERIE A. CUMMINGS | ) | Case No. 07-13758-SSM |
| | ) | Chapter 11 |
| Debtor | ) | |
| | ) | |
| VALERIE A. CUMMINGS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 07-1203 |
| | ) | |
| ATLIS SYSTEMS, INC., *et al.* | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is a motion by three of the defendants to dismiss certain counts for failure to state a claim for relief.  The plaintiff, Valerie A. Cummings, filed a voluntary petition in this court on December 1, 2007, for reorganization under chapter 11 of the Bankruptcy Code, and remains in possession of her estate as debtor in possession.  She then brought this action to recover damages for breach of contract arising from the sale of a business, a declaratory judgment that salary repayment and non-compete provisions in an employment agreement she signed are unenforceable, and damages for breach of fiduciary duty.  The defendants are Keith Cunningham "Cunningham" and three corporations allegedly controlled by him: Atlis Systems, Inc. ("Atlis"), Allegiance Staffing, Inc. ("Allegiance"), and Unique Nurses, Inc. ("Unique").

1

Unique had been owned at one time by the debtor, and its sale to Allegiance lies at the heart of the complaint.

Background

The facts alleged in the complaint may be briefly summarized.  In October 2003, the debtor agreed to sell the stock of Unique to Allegiance, which itself is wholly owned by Atlis. Unique is a Virginia corporation, while Allegiance and Atlis are Maryland corporations.  As part of the transaction, Allegiance would assume the debts of Unique, and Atlis would purchase a debt—collateralized in part by the debtor's residence—that Unique owed to Access National Bank.  Additionally, the debtor agreed to assign to Cunningham (who was president of both Allegiance and Atlis) her 50% interest in a limited liability company that owned a business condominium unit in Annandale, Virginia.  As an additional component of the transaction, an employment agreement and stock incentive grant were signed that provided for the debtor's employment by Unique and Allegiance and for her to receive a 20% interest in the entity created by the contemplated merger of Unique and Allegiance, or, if no merger occurred, in the two corporations separately.  The complaint alleges that the debtor never received the promised stock and that the liabilities of Unique (on many of which she is personally liable and some of which she has had to satisfy) have not been paid.  The complaint also makes the following generalized allegations concerning the defendants:

12. That Cunningham by virtue of his actual or legal control of Atlis controls all of the business affairs and business decisions of Atlis, Allegiance and Unique.

13. That since the date of the Agreement, Cunningham has conducted the business of the various business entities to maximize the profits of Atlis at the expense of Allegiance and Unique, including, but not limited to, the payment of Atlis expenses from assets of Allegiance and/or Unique, the use of staff paid by Allegiance and/or Unique for the benefit of Atlis without compensation to

2

Allegiance and/or Atlis, and the allocation of shared expenses between the
various business entities as to create an inordinate burden of expenses on
Allegiance and Unique to benefit of Atlis.

14.  That the businesses of Atlis, Allegiance and Unique have been conducted in a
manner as to make them alter egos of the other or Cunningham, including, but not
limited to, the actions alleged in paragraph 13, the taking of assets conveyed by
the Agreement into the name of Cunningham, without adequate consideration
being paid by Cunningham, as well as other actions which would confuse the
identities of the various business entities and Cunningham.

Relief is requested in four counts.  Count I seeks $200,000 in damages for breach of the stock

grant.  Count II seeks $200,000 in damages for breach of the agreement to pay the debts of

Unique.  Count III seeks a declaratory judgment that the debtor is not obligated to repay the

amounts she received while employed by Unique and Allegiance and that she is not bound by the

non-compete provision in the employment agreement.  And , finally, Count IV seeks $200,000 in

damages for Cunningham's breach of his fiduciary duty to shareholders "and other holders of

beneficial interests" in Allegiance and Unique.

<u>Discussion</u>

I.

A complaint may be dismissed at the outset of an adversary proceeding if it fails to state a

claim upon which relief may be granted.  Fed.R.Bankr.P. 7012(b); Fed.R.Civ.P. 12(b)(6).  As the

Supreme Court has cautioned, however:

When a federal court reviews the sufficiency of a complaint, before the reception
of any evidence either by affidavit or admissions, its task is necessarily a limited
one.  The issue is not whether a plaintiff will ultimately prevail but whether the
claimant is entitled to offer evidence to support the claims.  Indeed it may appear
on the face of the pleadings that a recovery is very remote and unlikely but that is
not the test....  [I]t is well established that, in passing on a motion to dismiss . . .
for failure to state a cause of action, the allegations of the complaint should be
construed favorably to the pleader.

3

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Additionally,

the Supreme Court has held that a plaintiff need not plead evidence sufficient to establish prima

facie case in order to survive a motion to dismiss, but under Rule 8(a) need only "give the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

*Swierkiewicz v. Sorema NA*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). At the

same time, the plaintiff must provide grounds for entitlement to relief, which requires more than

labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell*

*Atlantic Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).

## II.

The motion to dismiss is brought by Unique, Atlis, and Cunningham. Unique argues that

it is not a proper party as to Count II of the complaint, while Atlis and Cunningham take the

position that the none of the counts states a claim as to them. The court will address each of the

issues in turn.

## A.

Count II of the complaint seeks damages for breach of the agreement to assume Unique's

debts. At least as pleaded in the complaint, the party responsible for assuming and paying the

debts was Allegiance. Purely as a matter of logic it is difficult to see how Unique could possibly

be in breach of another party's obligation to pay assume and pay its own (that is, Unique's)

debts. Accordingly, Unique will be dismissed as a party to Count II.

## B.

Cunningham and Atlis seek dismissal of Counts I, II and III as to them on the ground that

they were not parties to the stock purchase agreement or the employment agreement and

4

therefore cannot be liable for its breach for the breach of the former and have no right to enforce

the latter.  The plaintiff agrees that Cunningham and Atlis were not parties to either agreement,

but argues that they can be held derivatively liable for any damages owed by Unique and

Allegiance under the theory that Cunningham and Atlis are mere alter egos of Unique and

Allegiance.  The factual underpinning for this theory is set forth in paragraphs 12, 13, and 14 of

the complaint.  Essentially, the debtor argues that because Cunningham failed to treat the three

corporations as independent entities, she is entitled to a judgment not only against the two

corporations that are parties to the stock purchase contract but also against Cunningham and

Atlis (which, according to the complaint, is the parent of Allegiance).

      As a general proposition, corporations are separate entities from their shareholders, who

have no liability, based solely on their status as shareholders, for the debts of the corporation.  In

extraordinary circumstances, however, courts will allow the piercing of the corporate veil in

order to hold those behind the corporation liable for its debts.  The veil piercing doctrine has its

origins in the "desire of courts to not permit investors to manipulate the statutory privilege of

limited liability to the knowing disadvantage of those who deal with the corporation." *AE

Restaurant Associates, LLC v. Giampietro (In re Giampietro)*, 317 B.R. 841 (Bankr. D. Nev.

2004) (citing Robert B. Thompson, Piercing the Corporate Veil § 1:3 (2004)).  A number of tests

have been articulated for determining when such relief is proper.  In some jurisdictions, a major

focus is on whether the corporation is a the alter ego of its owners.  *See, e.g., Geyer v. Ingersoll

Publications Co.,* 621 A.2d 784, 793 (Del. Ch. 1992) (holding that the corporate veil should be

pierced "where there is a fraud or where [it] is in fact a mere instrumentality or alter ego of its

owners.").   Other jurisdictions employ what is referred to as the "Van Dorn" test. *Van Dorn v.*

*Future Chemical and Oil Corp.*, 753 F.2d 565, 569–70 (7th Cir. 1985) (analyzing Illinois law as requiring that: (1) there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice). Still other jurisdictions employ what has been termed the "Instrumentality Test" to determine whether to pierce the corporate veil. *See, e.g., Messick v. Moring*, 514 So. 2d 892, 894–95 (Ala. 1987) (requiring that: (1) the dominant party must have complete control and domination of the corporation's finances and business practice; (2) the control must have been misused by the dominant party; and (3) the misuse of this control must proximately cause the harm or unjust loss complained of). Virginia's veil piercing test is essentially an amalgamation of these three tests, keeping as its principal focus the equitable considerations that undergird the veil piercing doctrine. *See C.F. Trust, Inc. v. First Flight Ltd Partnership*, 266 Va. 3, 10, 580 S.E.2d 806, 810 (2003) (stating that the corporate entity will be disregarded and the veil pierced only if the shareholder sought to be held personally liable has controlled or used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage and when the unity of interest and ownership is such that the separate personalities of the corporation and the individual no longer exist and to adhere to that separateness would work an injustice). The test in Maryland is much the same. *Bart Arconti & Sons, Inc. v. Ames-Ennis, Inc.,* 275 Md. 295, 310, 340 A.2d  225, 234 (1975) (stating that in a proper case courts will disregard the corporate entity and deal with substance rather than form, as though a corporation did not exist, where it is necessary to prevent fraud or enforce a paramount equity).

6

Without deciding at this point whether Virginia or Maryland law would apply, the court finds that the type of facts that would support piercing the corporate veil in either jurisdiction are set forth in the complaint with sufficient particularity to survive a motion to dismiss. Whether the veil piercing claims will survive a properly-supported motion for summary judgment after a reasonable opportunity for discovery is a different issue, of course, but at this point the debtor is entitled to an opportunity to prove her case.

With respect to Count III — which seeks a declaratory judgment as to the enforceability of the employment agreement — the court does agree that only Unique and Allegiance have a stake in the controversy, and the court will therefore dismiss Atlis and Cunningham as parties to that count.

## C.

Count IV asserts a claim against Cunningham for breach of fiduciary duty. The complaint is notably vague as to whom the duty was owed, but for the purpose of the present ruling the court will assume that the duty was owed to shareholders, and that the debtor's standing derives from the fact that she was entitled to receive stock in the corporation resulting from the merger of Unique and Atlis or, if the merger did not occur, in the two companies separately. The difficulty is that neither Virginia nor Maryland appears to recognize an individual shareholder's right to claim damages for an officer or director's breach of fiduciary duty; rather that right belongs to the corporation itself, on behalf of the entire shareholder body. *Simmons v. Miller,* 261 Va. 561, 544 S.E. 2d 666 (2001), *see also Indurate Concrete Corp. v. Abbott,* 195 Md. 496, 74 A.2d 17 (1950). It is true that in each jurisdiction a shareholder may bring a derivative action on behalf of the corporation if the corporation itself, after proper

7

demand on its board of directors, refuses to do so, or if demand would be futile. *Werbowsky v. Collomb,* 362 Md. 581, 766 A.2d 123 (2001) *see also Virginia Passenger & Power Co. v. Fisher,* 104 Va. 121, 51 S.E. 198 (1905). Whether in either jurisdiction a person who is not a shareholder but claims a right to become one may bring such an action is far from clear. The court need not decide that issue at this time, however, for even assuming that a person in the debtor's position would have a right to bring a derivative action, any damages from the beach of fiduciary duty belong to the corporation, not to the individual shareholder bringing the action. The problem with Count IV is that it is pleaded as an individual action, not a derivative action. It does not allege that it is brought on behalf of the corporation, nor does it allege that demand was made on the board of directors or, alternatively, why demand would be futile. Accordingly, Count IV will be dismissed without prejudice to the bringing of a properly-pleaded derivative action.

<u>O R D E R</u>

For the foregoing reasons, it is

**ORDERED:**

1. The motion to dismiss is granted in part and denied in part. Defendants Allegiance Staffing, Inc, and Keith Cunningham are dismissed as parties to Count III, defendant Unique Nurses, Inc. is dismissed as a party to Count II, and Count IV is dismissed in its entirety.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

8

Copies to:

Timothy J. McGary, Esquire
10500 Sager Avenue, Suite G
Fairfax, VA 22030-2414
Counsel for the plaintiff

Kevin M. O'Donnell, Esquire
Henry, O'Donnell, Dahnke, & Walther, P.C.
4103 Chain Bridge Road, Suite 100
Fairfax, VA  22030
Counsel for the defendants

Frank Bove, Esquire
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314